| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. |
| | ) | |
| JUSTIN VEAL, aka "Two" | ) | -01 |
| SADE BUTLER, aka "Ranada" | ) | -02 |
| ADRIAN SWIFT, aka "AD" | ) | -03 |
| SHAWNLISA NEVELS, aka "Solid" | ) | -04 |
| BOBBY YOUNG, | ) | -05 |
| DONTRELL COLE, | ) | -06 |
| JARED SCHLOERB, | ) | -07 |
| MEGAN DANIELS, | ) | -08 |
| SCOTT FOOR, | ) | -09 |
| DAQUEL JONES, | ) | -10 |
| DAWUD QUARLES, | ) | -11 |
| LARRY CRAIG, aka "KILLER" | ) | -12 |
| | ) | |
| | ) | |
| Defendants. | ) | |

1:26-cr-00112-JRS-MJD

**FILED**

MAY 28 2026

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
21 U.S.C. §§ 846 and 841(a)(1)
Conspiracy to Possess with Intent to Distribute and
Distribute Controlled Substances

Beginning in or around June 2025 and continuing through on or about May 21, 2026, the exact dates being unknown to the Grand Jury, in the Southern District of Indiana, Indianapolis Division, and elsewhere, JUSTIN VEAL, SADE

BUTLER, ADRIAN SWIFT, SHAWNLISA NEVELS, BOBBY YOUNG, and DONTRELL COLE, the defendants herein, did knowingly and intentionally conspire together and with other persons known and unknown to the Grand Jury to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

## OBJECTS OF THE CONSPIRACY

The charged conspiracy had the following objects:

1.     To possess with intent to distribute and to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance;

2.     To possess with intent to distribute and distribute 500 grams or more of a mixture or substance containing cocaine, a Schedule II controlled substance.

## MANNER AND MEANS

The charged conspiracy operated in the following manner:

1.     JUSTIN VEAL, operating out of the Westville Correctional Facility, in Westville, Indiana, between June 2025 and December 19, 2025, oversaw a drug trafficking organization operating within the Southern District of Indiana facilitated by SADE BUTLER and SHAWNLISA NEVELS.

2.     SADE BUTLER, operating out of Indianapolis, Indiana, obtained controlled substances, including methamphetamine, from ADRIAN SWIFT, for redistribution.

2

3. SADE BUTLER, operating out of Indianapolis, Indiana, obtained controlled substances, including methamphetamine, from DONTRELL COLE for redistribution.

4. SHAWNLISA NEVELS, operating out of Fort Wayne, Indiana, and acting at the direction of JUSTIN VEAL, obtained controlled substances, including cocaine and methamphetamine, from an unknown source.

5. SHAWNLISA NEVELS, operating out of Fort Wayne, Indiana, and acting at the direction of JUSTIN VEAL, obtained money from JUSTIN VEAL's customers within the Southern District of Indiana.

6. ADRIAN SWIFT, operating out of Indianapolis, Indiana, distributed controlled substances, including suboxone strips and methamphetamine, to JUSTIN VEAL for redistribution.

7. Throughout the conspiracy, the defendants used telephones to facilitate the drug trafficking operation.

ACTS IN FURTHERANCE OF THE CONSPIRACY

On or about the dates below, the defendants and others performed acts in furtherance of the conspiracy and to accomplish the goals and objects of the conspiracy, including but not limited to the following:

1. On or about September 4, 2025, JUSTIN VEAL coordinated the delivery, by SCOTT FOOR, of 680 grams of pure methamphetamine to Individual #1 (identity known to the Grand Jury) in Indianapolis, Indiana.

3

2. On or about September 4, 2025, SCOTT FOOR distributed approximately 680 grams of pure methamphetamine to Individual #1 (a person known to the Grand Jury) in Indianapolis, Indiana for redistribution.

3. On or about September 17, 2025, JUSTIN VEAL coordinated the delivery, by SADE BUTLER, of approximately 1,214 grams of pure methamphetamine to Individual #1 (a person known to the Grand Jury) in Indianapolis, Indiana.

4. On or about September 17, 2025, SADE BUTLER obtained approximately 1,214 grams of pure methamphetamine from DONTRELL COLE in Indianapolis, Indiana.

5. On or about September 17, 2025, SADE BUTLER distributed approximately 1,214 grams of pure methamphetamine to Individual #1 (a person known to the Grand Jury) in Indianapolis, Indiana for redistribution.

6. On or about October 22, 2025, SHAWNLISA NEVELS, at the direction of JUSTIN VEAL, obtained money from multiple narcotics customers in Indianapolis, Indiana.

7. On or about October 22, 2025, SHAWNLISA NEVELS, at the direction of JUSTIN VEAL, obtained approximately 1 kilogram of cocaine from an unknown male in Indianapolis, Indiana.

8. On or about October 22, 2025, SHAWNLISA NEVELS, at the direction of JUSTIN VEAL, distributed approximately 1 kilogram of cocaine to BOBBY YOUNG, in Anderson Indiana, for redistribution.

4

9.   On or about October 27, 2025, SADE BUTLER obtained approximately 1,310 grams of pure methamphetamine from DONTRELL COLE in Indianapolis, Indiana.

10.   On or about October 27, 2025, SADE BUTLER distributed approximately 1,310 grams of pure methamphetamine to Individual #1 (a person known to the Grand Jury) in Indianapolis, Indiana for redistribution.

11.   On or about November 13, 2025, SADE BUTLER obtained approximately 308 grams of pure methamphetamine from ADRIAN SWIFT in Indianapolis, Indiana.

12.   On or about November 13, 2025, SADE BUTLER distributed approximately 308 grams of pure methamphetamine to Individual #1 (a person known to the Grand Jury) in Indianapolis, Indiana for redistribution.

13.   On or about November 16, 2025, BOBBY YOUNG spoke to JUSTIN VEAL on the phone. In the call, YOUNG told VEAL that YOUNG believed, if VEAL provided YOUNG with 3 pounds of methamphetamine, YOUNG could sell it in a week because YOUNG's customers were obtaining multiple ounces to a pound of methamphetamine at a time.

14.   On or about November 24, 2025, SADE BUTLER obtained approximately 704 grams of pure methamphetamine from ADRIAN SWIFT in Indianapolis, Indiana.

Case 1:26-cr-00112-JRS-MJD   Document 1   Filed 05/28/26   Page 6 of 15 PageID #: 498

15. On or about November 24, 2025, SADE BUTLER distributed approximately 704 grams of pure methamphetamine to Individual #1 (a person known to the Grand Jury) in Indianapolis, Indiana for redistribution.

16. On or about November 24, 2025, BOBBY YOUNG spoke to JUSTIN VEAL on the phone. In the call, VEAL asked if YOUNG was distributing methamphetamine to his customers with the agreement the customers would pay YOUNG later, and YOUNG confirmed that he was.

17. On or about December 16, 2025, SADE BUTLER obtained approximately 389 grams of pure methamphetamine from ADRIAN SWIFT in Indianapolis, Indiana.

18. On or about December 16, 2025, SADE BUTLER distributed approximately 389 grams of pure methamphetamine to Individual #1 (a person known to the Grand Jury) in Indianapolis, Indiana for redistribution.

19. On or about January 29, 2026, SADE BUTLER obtained approximately two pounds of a mixture or substance containing methamphetamine from ADRIAN SWIFT in Indianapolis, Indiana.

20. On or about January 29, 2026, SADE BUTLER distributed approximately two pounds of a mixture or substance containing methamphetamine to Individual #1 (a person known to the Grand Jury) in Indianapolis, Indiana for redistribution.

21.     On or about May 18, 2026, JUSTIN VEAL obtained methamphetamine from ADRIAN SWIFT in Indianapolis, Indiana for redistribution.

All in violation of Title 21, United States Code, Section 846.

## SENTENCING ENHANCEMENT

Before the defendant, JUSTIN VEAL, committed the offense charged in Count 1, the defendant had sustained at least one final conviction for a serious violent felony for which he served more than 12 months of imprisonment, namely, Robbery, a Class B Felony in Marion County, Indiana, cause number 49G05-0812-FB-272520; and/or Armed Robbery, a Level 3 felony in Madison County, Indiana, cause number 48C01-1702-F1-000329.

## COUNT 2

21 U.S.C. §§ 846 and 841(a)(1)
Conspiracy to Possess with Intent to Distribute and
Distribute Controlled Substances

Beginning in or around June 2025 and continuing through on or about May 21, 2026, the exact dates being unknown to the Grand Jury, in the Southern District of Indiana, Indianapolis Division, and elsewhere, ADRIAN SWIFT, SADE BUTLER, MEGAN DANIELS, and JARED SCHLOERB, the defendants herein, did knowingly and intentionally conspire together and with other persons known and unknown to the Grand Jury to possess with intent to distribute and to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

## OBJECTS OF THE CONSPIRACY

The charged conspiracy had the following objects:

1.     To possess with intent to distribute and to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance;

2.     To possess with intent to distribute and distribute 40 grams or more of a mixture or substance containing fentanyl, a Schedule II controlled substance; and

3.     To possess with intent to distribute and distribute a mixture or substance containing cocaine, a Schedule II controlled substance.

## MANNER AND MEANS

The charged conspiracy operated in the following manner:

1. ADRIAN SWIFT obtained methamphetamine, cocaine, and fentanyl and/or heroin from unknown sources for redistribution in the Southern District of Indiana and elsewhere.

2. ADRIAN SWIFT distributed methamphetamine to SADE BUTLER in Indianapolis, Indiana, for redistribution.

3. ADRIAN SWIFT distributed controlled substances to MEGAN DANIELS in Indianapolis, Indiana, and elsewhere, for redistribution.

4. ADRIAN SWIFT distributed controlled substances to JARED SCHLOERB in Indianapolis, Indiana, for redistribution.

5. Throughout the conspiracy, the defendants used telephones to facilitate the drug trafficking operation.

ACTS IN FURTHERANCE OF THE CONSPIRACY

On or about the dates below, the defendants and others performed acts in furtherance of the conspiracy and to accomplish the goals and objects of the conspiracy, including but not limited to the following:

1. On or about November 13, 2025, ADRIAN SWIFT distributed approximately 308 grams of pure methamphetamine to SADE BUTLER in Indianapolis, Indiana, for redistribution.

2. On or about November 13, 2025, SADE BUTLER distributed approximately 308 grams of pure methamphetamine to Individual #1 (a person known to the Grand Jury) in Indianapolis, Indiana, for redistribution.

3.    On or about November 24, 2025, ADRIAN SWIFT distributed approximately 704 grams of pure methamphetamine to SADE BUTLER, in Indianapolis, Indiana, for redistribution.

4.    On or about November 24, 2025, SADE BUTLER distributed approximately 704 grams of pure methamphetamine to Individual #1 (a person known to the Grand Jury) in Indianapolis, Indiana for redistribution.

5.    On or about December 16, 2025, ADRIAN SWIFT distributed approximately 389 grams of pure methamphetamine to SADE BUTLER in Indianapolis, Indiana, for redistribution.

6.    On or about December 16, 2025, SADE BUTLER distributed approximately 389 grams of pure methamphetamine to Individual #1 (a person known to the Grand Jury) in Indianapolis, Indiana for redistribution.

7.    On or about January 29, 2026, ADRIAN SWIFT distributed approximately two pounds of a mixture or substance containing methamphetamine to SADE BUTLER in Indianapolis, Indiana, for redistribution.

8.    On or about January 29, 2026, SADE BUTLER distributed approximately two pounds of a mixture or substance containing methamphetamine to Individual #1 (a person known to the Grand Jury) in Indianapolis, Indiana for redistribution.

9.    On or about March 12, 2026, MEGAN DANIELS spoke to ADRIAN SWIFT on the phone. In the call, DANIELS asked SWIFT if SWIFT would provide

DANIELS with a free gram of controlled substance if DANIELS brought SWIFT a new customer, and SWIFT agreed to provide DANIELS with a free one-half gram.

10. On or about April 2, 2026, ADRIAN SWIFT distributed approximately 448.5 grams of pure methamphetamine to DAQUEL JONES in Indianapolis, Indiana, for redistribution.

11. On or about April 9, 2026, JARED SCHLOERB obtained Fentanyl from ADRIAN SWIFT, in Indianapolis, Indiana, for redistribution.

12. On or about April 16, 2026, JARED SCHLOERB and ADRIAN SWIFT spoke on the phone. In the call, SCHLOERB requested the gate entry code for SWIFT'S apartment complex so that SCHLOERB could replace the ounce of methamphetamine SCHLOERB had just sold, and SWIFT responded by giving SCHLOERB the gate code.

13. On or about April 16, 2026, ADRIAN SWIFT distributed methamphetamine to JARED SCHLOERB for redistribution.

14. On or about April 27, 2026, ADRIAN SWIFT obtained approximately 4 pounds of methamphetamine from Individual #2 (a person known to the Grand Jury), in Indianapolis, Indiana, for redistribution.

15. On or about May 1, 2026, ADRIAN SWIFT and DAWUD QUARLES spoke on the phone. In the call, QUARLES instructed SWIFT to give 50 grams of fentanyl to QUARLES's wife, and she would provide SWIFT with $2,000 in return.

11

16.     On or about May 6, 2026, ADRIAN SWIFT and LARRY CRAIG spoke on the phone; in the call, CRAIG told SWIFT that CRAIG needed 50 grams of fentanyl, and SWIFT agreed to meet with CRAIG the next day.

17.     On or about May 7, 2026, ADRIAN SWIFT distributed approximately 50 grams of fentanyl to LARRY CRAIG in Indianapolis, Indiana.

18.     On or about May 17, 2026, MEGAN DANIELS obtained methamphetamine from ADRIAN SWIFT in Indianapolis, Indiana, for redistribution.

All in violation of Title 21, United States Code, Section 846.

## COUNT 3

21 U.S.C. § 841(a)(1) and 841(b)(1)(A)
Distribution of 50 Grams of Methamphetamine

On or about September 4, 2025, in the Southern District of Indiana, Indianapolis Division, the defendant, SCOTT FOOR, did knowingly and intentionally distribute 50 grams or more of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

12

## COUNT 4
21 U.S.C. § 841(a)(1) and 841(b)(1)(A)
Possession with Intent to Distribute 50 Grams
of Methamphetamine

On or about April 2, 2026, in the Southern District of Indiana, Indianapolis Division, the defendant, DAQUEL JONES, did knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

## COUNT 5
21 U.S.C. § 843(b)
Unlawful Use of Communication Facility

On or about May 1, 2026, in the Southern District of Indiana, Indianapolis Division, and elsewhere, the defendant, DAWUD QUARLES, did knowingly and intentionally use a communication facility in facilitating the commission of an act constituting a felony under the Controlled Substances Act, to wit: QUARLES used a cellular telephone to coordinate the distribution of approximately 50 grams of a mixture or substance containing Fentanyl, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

## COUNT 6

21 U.S.C. § 843(b)
Unlawful Use of Communication Facility

On or about May 5, 2026, in the Southern District of Indiana, Indianapolis Division, and elsewhere, the defendant, LARRY CRAIG, did knowingly and intentionally use a communication facility in facilitating the commission of an act constituting a felony under the Controlled Substances Act, to wit: CRAIG used a cellular telephone to coordinate the possession of approximately 50 grams of a mixture or substance containing Fentanyl with intent to distribute it, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 843(b).

## FORFEITURE

1.     The allegations in this Indictment are realleged as if fully set forth here, for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

2.     If convicted of an offenses set forth in Counts 1 through 4 of the Indictment, JUSTIN VEAL, SADE BUTLER, ADRIAN SWIFT, SHAWNLISA NEVELS, DONTRELL COLE, BOBBY YOUNG, MEGAN DANIELS, JARED SCHLOERB, SCOTT FOOR, and DAQUEL JONES, the defendants herein, shall forfeit to the United States any property constituting or derived from any proceeds obtained directly or indirectly as a result of such offenses, and any property used or intended to be used in any manner or part to commit or to facilitate the commission of the offenses.

14

3. If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

THOMAS E. WHEELER II
United States Attorney

By: _____
Lindsay Karwoski
Assistant United States Attorney
WLM

15